IN THE MATTER OF THE ESTATE OF HARRY
GOLDFADEN, DECEASED.

ROBERT GOLDFADEN, EXECUTOR OF THE LAST WILL
AND TESTAMENT OF HARRY GOLDFADEN, DECEASED,
PLAINTIFF-RESPONDENT, v. DAVID KOFLER, GEN-
ERAL GUARDIAN OF ROSALYN GOLDFADEN, KNOWN
AS ROSALYN KOFLER, DEFENDANT-RESPONDENT,
AND ROSE GOLDFADEN AND MAX MEHLER, THE LAT-
TER AS GUARDIAN AD LITEM OF RAYMOND GOLD-
FADEN, DEFENDANTS-APPELLANTS.

Argued June 4, 1951—Decided June 25, 1951.

*Mr. Max Mehler* argued the cause for appellants Rose Goldfaden and, *pro se,* the guardian *ad litem* of Raymond Goldfaden.

*Mr. Milton M. Unger* argued the cause for respondent David Kofler, Guardian *ad Litem* of Rosalyn Goldfaden Kofler. *Mr. Samuel Denstman* on the brief. *Messrs. Milton M. and Adrian M. Unger,* attorneys.

*Mr. Matthew J. Reilly,* for the respondent Robert Goldfaden, individually and as executor of Harry Goldfaden, deceased, filed a brief concurring in the argument made by appellant. *Mr. Bertram S. Grand,* attorney.

The opinion of the court was delivered by

HEHER, J. The object of this proceeding in equity is the construction of the will of Harry Goldfaden, who died Janu-

ary 31, 1947, leaving him surviving his widow, Rose, two adult children, Fred and Robert, and two minor children, Rosalyn and Raymond, then aged 16 years and 10 years, respectively.

The will was executed February 10, 1945. After making bequests of $2,000 to each of his adult children and the same amount and his household furniture to his widow, the testator by the fourth paragraph gave the residue to his son Robert, in trust for investment and the payment of the income for these purposes:

"a. for the support, maintenance and education of my son, Raymond Goldfaden, and my daughter, Rose Goldfaden, during their respective minorities.

b. to pay to my wife, Rose Goldfaden, for the maintenance of the home, for herself, and my children and for herself, for her personal use, the sum of Twenty ($20.00) Dollars weekly during the continuance of this trust.

c. I direct my trustee to pay to my wife in addition to the sum provided in b. above, the sum of ($15.00) Fifteen Dollars weekly for the support and maintenance of each of my two minor children, Raymond and Rose, with further power and authority to advance further sums if in the judgment of my trustee it shall be advisable."

Then came these provisions:

"5. Upon the arrival at the age of twenty-one (21) years of the younger of my said two minor children or upon the marriage of my said daughter, Rose Goldfaden, before reaching the age of twenty-one years, then I direct my trustee to divide said residue and remainder of my estate or the unexpended portion thereof among my four children, Robert, Fred, Raymond and Rose, in equal parts except, however, that the shares or parts of Robert and Fred shall be charged with the sums of $2,000 each on account of the bequests made to them in paragraphs 1 and 2 of this will, thereby maintaining an equality of interests in my estate of my four children. The parts payable to my two younger children are not to be charged with advances made on their account during their minority.

6. Should the income from my estate be insufficient to pay the sums required to be paid under the provisions of paragraph 4 of this will, I hereby authorize my trustee to use the principal of said trust estate for such payments with full authority to advance such further sums as in the judgment of my trustee it shall be advisable for the education of my two minor children.

8. In the event of the death of any of my children without leaving issue them surviving and before arriving at the age of twenty-one years, then the share of the child so dying shall go to the surviving brothers and sister, as the case may be, in equal parts. This latter provision is not to be controlled by the clause providing for the postponement of payment until the youngest child reaches the age of twenty-one years."

The child Rosalyn married on December 25, 1948, when she was 18 years of age. The complaint prays instructions as to the status of the trust. The guardian of Rosalyn answered that, by paragraph 5 of the will, the trust terminated upon her marriage, and accordingly the trust *res* should be divided and paid over to the persons entitled in that event under the will. Judge Freund ruled that while the trust was set up to provide for the minor children during their respective minorities, by paragraph 5 the testator directed the termination of the trust "upon the happening of either of two events —upon the attainment of the age of 21 years by the younger of the two minor children, or upon the marriage of Rosalyn before reaching the age of 21 years," and so the trust terminated upon Rosalyn's marriage. The judge reasoned that the testator, knowing the age of his children, "must have been aware that Rosalyn's marriage during her minority would necessarily occur in the minority of Raymond, so that the situation which has arisen was easily foreseeable and could have been otherwise provided for if he had so intended."

The widow and Raymond's guardian, joined by the executor, suggest that the will, read as a whole, expresses a purpose to continue the trust during the minority of the testator's youngest child and thus to provide for the maintenance and education "of his minor children and for the support of his widow during their minority." These provisions are cited as indicating a design to supply the needs of the testator's children "during their respective minorities": paragraph 4, setting up the trust in terms for that purpose and providing for the payment of $20 weekly to the widow "during the continuance of this trust" for "the maintenance of the home, for herself, and my children and for herself, for her personal

use," and the further payment to the widow of $15 weekly for the maintenance "of each of my two minor children," and such additional sums as the trustee shall deem advisable; paragraph 6, authorizing recourse to the *corpus* if the income should prove insufficient for the payment of these weekly sums and "for the education of my two minor children"; paragraph 5, providing that the shares of the "younger children are not to be charged with advances made on their account during their minority"; and paragraph 8, providing for the contingency of the death of one of his minor children after marriage without leaving issue and before reaching the age of 21 years. That paragraph directs that the share of the child so dying shall pass to the other children, and shall be payable to them immediately upon death, and that the provision "is not to be controlled by the clause providing for the postponement of payment until the youngest child reaches the age of 21 years"; and it is said that this is indicative of a design to defer distribution of the *corpus* "until the youngest child reaches the age of 21 years." It is urged that, in keeping with the rules of *Herbert v. Central Hanover Bank & Trust Co.*, 131 *N. J. Eq.* 330 (*Ch.* 1942), affirmed 132 *N. J. Eq.* 445 (*E. & A.* 1942), the clause "or upon the marriage of my said daughter, Rose Goldfaden, before reaching the age of 21 years" be disregarded as in conflict with the testamentary intention otherwise clearly expressed. We take a different view.

The testator provided, in clear and explicit terms, for the termination of the trust upon the marriage of his child Rosalyn "before reaching the age of 21 years," and the immediate division and distribution of the *corpus* among his four children, less the pecuniary legacies given to two of the children by an earlier clause, thus making for "an equality of interests"; and there is nothing in the context tending to neutralize this provision. It is a basic axiom that the meaning of the testator, as expressed in the language used, considered in the light of the attendant circumstances, is the controlling element in the construction of wills. *In re*

*Fisler,* 133 *N. J. Eq.* 421 (*E. & A.* 1943) ; *Griscom v. Evens,* 40 *N. J. L.* 402 (*Sup. Ct.* 1878), affirmed 42 *N. J. L.* 579 (*E. & A.* 1880). The testatorial intention is the polestar of construction. And the intention is to be collected from the whole of the instrument, rather than from a particular clause, sentence or provision; and effect will be given to all provisions of the will, if reasonably reconcilable. A will is not to be construed *per parcella,* but as an entirety. *In re Fox,* 4 *N. J.* 587 (1950). The wisdom or logic of the disposition is not of judicial concern. The expressed design is the ruling consideration. *McDonald v. Clermont,* 107 *N. J. Eq.* 585 (*E. & A.* 1931).

It may well be that the dominant purpose was to make Rosalyn's share of the *corpus* available in the event of her marriage. There are conceivable reasons for this course related to parental solicitude for the child's welfare. But whatever the reason, we have no authority but to effectuate the will as written. There is no repugnancy in paragraph 8. That provision simply means that the gift over of the share of a minor child dying without issue shall not be "controlled" by the clause postponing payment until the youngest child arrives at the age of 21 years, not that distribution shall at all events be deferred until then, thus nullifying the provision for the termination of the trust upon Rosalyn's marriage. The reference in this regard is descriptive merely, for purpose of identification. We cannot delete the clause without violating the expressed intention.

The judgment is affirmed.

*For affirmance*—Justices CASE, HEHER, OLIPHANT, WACHENFELD and ACKERSON—5.

*For reversal*—Chief Justice VANDERBILT, and Justice BURLING—2.